<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **RAMADA WORLDWIDE INC.,**<br>a Delaware Corporation, | |
| **Plaintiff,** | Civil Action No. 14-5475 (ES)(JAD) |
| **v.** | OPINION & ORDER |
| **INDIANA HOSPITALITY, LLC, an Indiana Limited Liability Company; and JAGJEET K. WADWA, an individual,** | |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiff Ramada Worldwide Inc.'s ("Plaintiff" or "RWI") motion for default judgment as to Defendants Indiana Hospitality, LLC ("Indiana Hospitality") and Jagjeet K. Wadwa (collectively, "Defendants"). The motion is unopposed. Having considered Plaintiff's submissions, (D.E. No. 8), the Court hereby GRANTS Plaintiff's motion for default judgment.

## I.     FACTS

On or about June 30, 2008, RWI entered into a Franchise Agreement (the "Franchise Agreement") with Indiana Hospitality for the operation of a 145-room Ramada guest lodging facility in Elkhart, Indiana (the "Facility"). (D.E. No. 1, Complaint ("Compl.") ¶ 13; D.E. No. 8-3, Affidavit of Suzanne Fenimore in Support of Motion for Final Judgment by Default ("Fenimore Aff."), Ex. A, Franchise Agreement ("Franchise Agmt.") at 1).

Section 5 of the Franchise Agreement provides that its terms are effective for fifteen years. (Compl. ¶ 14; Franchise Agmt. § 5). Under § 7 of the Franchise Agreement, Indiana Hospitality

"was required to make certain periodic payments to RWI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees" (collectively, "Recurring Fees"). (Compl. ¶ 15; Franchise Agmt. § 7). Specifically, under § 7.3, Indiana Hospitality agreed that interest is payable "on any past due amount payable to [RWI] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." (Compl. ¶ 16; Franchise Agmt. § 7.3).

Section 3.6 of the Franchise Agreement provides that Indiana Hospitality was required to submit monthly reports to RWI reflecting gross room revenues and other data or information that RWI would require to establish royalties and other Recurring Fees due to RWI. (Compl. ¶ 17; Franchise Agmt. § 3.6). Section 3.6 also provides that Indiana Hospitality agreed to maintain at the Facility accurate financial information, including books, records, and accounts relating to gross room revenue, and further agreed to allow RWI to examine, audit, and make copies of the entries in these books, records, and accounts. (Compl. ¶ 18; Franchise Agmt. § 3.6).

Pursuant to § 11.2 of the Franchise Agreement, RWI was authorized to terminate the Franchise Agreement, with notice to Indiana Hospitality, if Indiana Hospitality either discontinued operating the Facility as a Ramada guest lodging facility or lost possession or the right to possession of the Facility. (Compl. ¶ 19; Franchise Agmt. § 11.2). In the event of termination of the Franchise Agreement pursuant to § 11.2, § 12.1 provided that Indiana Hospitality would pay liquidated damages to RWI in accordance with a formula specified in the Franchise Agreement. (Compl. ¶ 20; Franchise Agmt. § 12.1).

In addition, under § 17.4 of the Franchise Agreement, the parties agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred

by the prevailing party to enforce [the Franchise Agreement] or collect amounts owed under" it. (Compl. ¶ 21; Franchise Agmt. § 17.4).

Defendant Wadwa provided RWI with a Guaranty of Indiana Hospitality's obligations under the Franchise Agreement (the "Guaranty"). (Compl. ¶ 24; Fenimore Aff., Ex. C, Guaranty). The Guaranty states that it is "effective as of the date of the [Franchise Agreement]." (Guaranty).

Pursuant to the terms of the Guaranty, Wadwa agreed that, upon default of the Franchise Agreement, he would "immediately make each payment and perform or cause [Indiana Hospitality] to perform, each unpaid or unperformed obligation of [Indiana Hospitality] under the Agreement." (Compl. ¶ 25; Guaranty).

On or about the same date that the parties entered the Franchise Agreement, they also entered into a Connectivity Equipment Lease and Services Addendum (the "Connectivity Addendum"). (Compl. ¶ 22; Fenimore Aff., Ex. B, Connectivity Addendum ("Connectivity Add.") at 1).

Pursuant to § 12(c) of the Connectivity Addendum, Indiana Hospitality agreed that if the Connectivity Addendum is terminated due to termination of the Franchise Agreement or any other reason, Indiana Hospitality would pay "Addendum Liquidated Damages" to RWI. (Compl. ¶ 23; Connectivity Add. § 12(c)). "Addendum Liquidated Damages" are defined as the greater of either $2,500.00 or "the product obtained by multiplying the number of full and partial months remaining in the Term of the Addendum by the Monthly Service Charge in effect on the termination date." (Connectivity Add. § 12(c)).

RWI alleges that, on or about January 10, 2011, "Indiana Hospitality unilaterally terminated the Franchise Agreement by ceasing to operate the Facility as a Ramada® guest lodging facility." (Compl. ¶ 27). RWI acknowledged the termination by letter dated March 23, 2011, in

3

which it "advised Indiana Hospitality that it was required to pay RWI as liquidated damages for premature termination in the sum of $292,500.00 as required under the Franchise Agreement, and all outstanding Recurring Fees through the date of termination." (Compl. ¶ 28; Fenimore Aff., Ex. D, March 23, 2011 Letter).

On September 2, 2014, RWI filed the instant Complaint. (Compl.). The Complaint alleges six counts arising out of Indiana Hospitality's alleged breach of the Franchise Agreement and Connectivity Agreement. (*Id.* ¶¶ 29-55). The counts include (1) an accounting claim, (*id.* ¶¶ 29-32); (2) a breach of contract claim for liquidated damages in the amount of $292,500, (*id.* ¶¶ 33-39); (3) if liquidated damages are not available, an alternative claim for actual damages, (*id.* ¶¶ 40-43); (4) a breach of contract claim for outstanding Recurring Fees in the amount of $161,838.71, (*id.* ¶¶ 44-47); (5) an unjust enrichment claim for outstanding Recurring Fees under the Franchise Agreement in the amount of $161,838.71 (*id.* ¶¶ 48-51); and (6) pursuant to the Guaranty, a claim for judgment against Defendant Wadwa for liquidated damages in the amount of $292,500.00 (or actual damages to be determined at trial) and Recurring Fees of $161,838.71, (*id.* ¶¶ 52-55).

The time for filing an answer has passed. On November 18, 2014, RWI requested an entry of default against Indiana Hospitality and Wadwa. (D.E. No. 6). The Clerk of the Court entered default against those Defendants that same day. (D.E. dated 11/18/2014). RWI filed a motion for default judgment on February 27, 2015. (D.E. No. 8). As mentioned above, RWI's motion is unopposed. This motion is now ripe for resolution.

## II.   LEGAL STANDARD

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin*

*Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted).  A party seeking default judgment is not entitled to relief as a matter of right; "the Court may enter default judgment 'only if the plaintiff's factual allegations establish the right to the requested relief.'"  *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.*, No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011) (internal quotation marks omitted)).   In reviewing a motion for default judgment, the Court may accept the facts alleged in the complaint as true.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" (internal citation omitted)).

To determine whether granting default judgment is proper, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  "A meritorious defense is one which, 'if established at trial, would completely bar plaintiff['s] recovery.'"  *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (quoting *Foy v. Dicks*, 146 F.R.D. 113, 116 (E.D. Pa. 1993)).  Furthermore, a defendant's culpable conduct in allowing default is a relevant consideration for a district court.  *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982).

## III.   DISCUSSION

First, the Court concludes that there was sufficient proof of service of the Summons and Complaint upon Defendant.  Plaintiff, by way of certification, represents that copies of the Summons and Complaint were served upon Indiana Hospitality and Wadwa.  (D.E. No. 6, Request for Entry of Default ¶¶ 3-5).  Following service, Plaintiff filed an executed summons along with a

5

declaration of the process server for each defendant.  (D.E. No. 5, Summons Returned Executed).

Thus, Plaintiff has provided sufficient proof of service of the Summons and Complaint upon

Defendant.

Second, the Court concludes that Plaintiff sufficiently stated a cause of action.  The Court

begins this analysis with a review of jurisdiction and venue.  The Court has proper subject matter

jurisdiction over the instant case pursuant to diversity of citizenship under 28 U.S.C. § 1332.

(Compl. ¶ 9).  Furthermore, the Court has proper personal jurisdiction and venue over this case

pursuant to the parties' choice of law and venue provisions contained in the Franchise Agreement.

(Franchise Agmt. § 17.6.3).  The provision states that Indiana Hospitality "waive[s its] objection

to the non-exclusive and personal jurisdiction of and venue in the New Jersey state courts situated

in Morris County, New Jersey and the United States District Court for the District of New Jersey

for all cases and controversies under this Agreement."  (*Id.*).  Therefore, the Court has proper

jurisdiction and venue.

Next, the Court concludes that Plaintiff has sufficiently stated causes of action for breach

of contract against Indiana Hospitality.  In New Jersey, a plaintiff must allege three elements to

state a breach of contract claim: "(1) a valid contract, (2) breach of that contract, and (3) damages

resulting from that breach."  *Ramada*, 2012 WL 924385, at *3.  Upon reading the Complaint as a

whole, and accepting the facts as true, it appears that Indiana Hospitality entered into a valid

agreement with Plaintiff on June 30, 2008.  (Compl. ¶ 13; Franchise Agmt. at 1).  It further appears

that Indiana Hospiality terminated the Agreement by ceasing to operate the Facility as a Ramada

guest lodging facility and failed to remit payment in accordance with the Franchise Agreement.

(Compl. ¶¶ 27, 28, 46).  Indiana Hospitality's breach has triggered damages to RWI in the amount

of $292,500.00 in liquidated damages and $ 161,838.71 in Recurring Fees.  (*Id.* ¶ 28, 46).

In addition, Plaintiff has stated a breach of contract claim against Wadwa under the Guaranty. (Compl. ¶¶ 53-54). "An action seeking recovery under a guaranty is essentially a breach of contract action." *U.S. Bank v. Gorman*, No. 11-612, 2012 WL 2919295, at *4 (W.D. Pa. June 7, 2012). In this case, the Guaranty provided that Wadwa would "immediately make each payment and perform or cause [Indiana Hospitality] to perform, each unpaid or unperformed obligation of [Indiana Hospitality] under the Agreement." (Guaranty; Compl. ¶¶ 24-25). RWI has alleged that: (1) there was a contractual relationship based on the Guaranty that set forth certain obligations and consequences for failing to meet those obligations; (2) Wadwa breached the Guaranty by failing to make any payments or perform or cause Indiana Hospitality to perform the obligations required under the Agreement; and (3) Plaintiff suffered damages as a result of this breach. (Compl. ¶¶ 25-25, 53-55). Accordingly, Plaintiff has stated a cause of action under the Guaranty.[1]

Finally, the Court must determine whether default judgment is proper. In order to do so, the Court must address "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. Plaintiff will be prejudiced if the default judgment is not granted because Defendants failed to comply with their financial obligations pursuant to the Franchise Agreement. Furthermore, Defendants do not appear to have a litigable defense because they entered into a valid agreement with Plaintiff and have subsequently failed to meet their obligations under the Agreement. Lastly, Defendants' delay is due to culpable conduct because a copy of the Summons and Complaint were served upon Defendants and they have failed to respond to or defend against Plaintiff's claims. Thus, the Court concludes that default judgment is proper.

---

[1] The proposed order submitted by Plaintiff as an exhibit to the instant motion, (D.E. No. 8-1), seeks judgment only for liquidated damages, Recurring Fees, and attorneys' fees and costs. None of Plaintiff's submissions addresses Plaintiff's claims for accounting or unjust enrichment, and therefore the Court considers them waived and does not need to address these claims.

The Court hereby enters default against Defendants for liquidated damages in the amount of $292,500.00 (totaling $511,237.25 with interest calculated pursuant to the Franchise Agreement) and Recurring Fees in the amount of $161,838.71 (totaling $170,807.79 with interest calculated pursuant to the Franchise Agreement).  (Fenimore Aff. ¶¶ 19, 25-29).  Thus, the total amount of damages entered against Defendants shall be $682,135.04, inclusive of interest.

In addition, Plaintiff seeks attorneys' fees and costs of suit pursuant to the terms of the Franchise Agreement.  (Compl. ¶¶ 17, 21; Fennimore Aff. ¶ 30).  In particular, Plaintiff asserts that it has incurred $4,000.00 in attorneys' fees and $938.44 in costs.  (Fenimore Aff. ¶ 30).  In support of these assertions, Plaintiff submitted billing records.  (*See* D.E. No. 8-2, Declaration of Brian Couch, Ex. B).  Based on the submitted documents, the Court finds these amounts to be reasonable.

## IV.    CONCLUSION

Accordingly, IT IS on this 29th day of September, 2015,

**ORDERED** that Plaintiff RWI's motion for default judgment, (D.E. No. 8), against Defendants Indiana Hospitality and Wadwa is hereby GRANTED as to Counts Two, Four, and Six of the Complaint; and it is further

**ORDERED** that judgment is entered against Defendants in the amount of $682,135.04 for liquidated damages and Recurring Fees, inclusive of interest; and it is further

**ORDERED** that Plaintiff is entitled to attorneys' fees in the amount $4,000.00 and costs in the amount of $938.44; and it is further

**ORDERED** that the Clerk of the Court may close this case.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**